UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TOMMY BROWN, HEATHER MCDOUGALL,<br><br>          Plaintiffs,<br><br>vs.<br><br>NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA,<br><br>          Defendant. | 4:17-CV-04176-LLP<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES<br><br>Docket No. 32 |

**INTRODUCTION**

      This matter is before the court on plaintiffs Tommy Brown and Heather McDougall's complaint based on the court's diversity jurisdiction. See Docket No. 1. Plaintiffs assert claims of breach of contract, fraudulent misrepresentation and deceit, unfair trade practices, and vexatious refusal to pay insurance benefits against defendant Nationwide Affinity Insurance Company of America ("Nationwide"), arising out of a claim plaintiffs submitted on their homeowner's insurance policy. Plaintiffs previously prevailed on a motion to compel. See Docket Nos. 18 & 29. Plaintiffs now move the court for an award of attorney's fees in connection with their earlier motion in the amount of $3,775.43. See Docket No. 32. Nationwide resists the motion. See

Docket No. 34. The district court, the Honorable Lawrence L. Piersol, referred plaintiffs' motion to this magistrate judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 37.

**FACTS**

The following facts are pertinent to the instant motion. On August 1, 2017, plaintiffs owned a house insured by Nationwide when a hailstorm came through their Sioux Falls, South Dakota, neighborhood, causing significant damage. Plaintiffs timely submitted a claim under their insurance policy to Nationwide. Nationwide offered to pay plaintiffs $3,850.89, an amount plaintiffs maintain was well below what Nationwide's own agents and internal documents indicate their loss was worth.

Plaintiffs filed the instant lawsuit on December 26, 2017. Plaintiffs' previously-granted motion to compel presented two issues. First, they sought to compel Nationwide to disclose what reserves it had set for their claim. Second, because Nationwide would not voluntarily share with them information pertinent to electronic discovery, plaintiffs sought an increase in the number of interrogatories they are allowed to propound from 25 to 40 so that they can query Nationwide about how it stores electronic information.

The court granted both requests, though it limited the additional interrogatories to 10 and specified they could be used only to find out the nature of Nationwide's electronic document system and those agents of Nationwide's who were most knowledgeable about them.

**DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure provides that if a court grants a party's motion to compel, the court "must" award the moving party its costs and attorney's fees unless the resisting party's position was, *inter alia*, "substantially justified." See Fed. R. Civ. P. 37(a)(5)(A). Nationwide resists the award of attorney's fees to plaintiffs on this basis. Nationwide has not objected to the amount of hours requested, the hourly rate requested, or any other matter touching on plaintiffs' calculation of the amount of their award.

With regard to the reserves information, Nationwide initially objected to providing the requested documents to plaintiffs on the basis that the information was not relevant. See Docket No. 24-2 (Nationwide's Vaughn index). During plaintiffs' attempts to engage in a good faith effort to resolve the discovery dispute without court involvement, Nationwide hinted that there may be a lurking claim of work product doctrine, but did not affirmatively assert the claim until the motion to compel was actually filed. Even then, Nationwide—whose burden it was to establish the predicate necessary for the court to conclude work product doctrine applied to the documents—did not do more than assert the bare-bones allegation of work product. Nationwide provided no details about who, what, when, where or why the documents in question had been created. The court, accordingly, granted plaintiffs' motion to compel in this regard because Nationwide failed to carry its burden of an assertion of privilege/protection.

With regard to the instant motion for attorney's fees, Nationwide argues that, because there is a split of authority on whether individual claims reserves are discoverable, its position in resisting the discovery was substantially justified. Because Nationwide initially resisted the discovery on grounds of relevance, and later did no more than simply mouth the words of a protective doctrine without shoring that assertion up with any facts, plaintiffs argue Nationwide's position was not substantially justified.

The Supreme Court has held that "substantially justified" in the arena of discovery disputes means whether there was a " 'genuine dispute' or '[that] reasonable people could differ as to [the appropriateness of the contested action], . . .' " Pierce v. Underwood, 487 U.S. 552, 565 (1988).

A party asserting a privilege has a duty to do the following:

> (5) ***Claiming Privilege or Protecting Trial-Preparation Materials.***
>
> (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is . . . subject to protection as trial-preparation material, the party must:
>
> > (i) expressly make the claim; and
> >
> > (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

See FED. R. CIV. P. 26(b)(5)(A).

Nationwide has had no fewer than four opportunities to fulfill its duty under Rule 26(b)(5)(A). It could have (and should have) done so (1) when submitting its Vaughn index to plaintiffs, (2) when responding to plaintiffs'

4

motion to compel, (3) in an objection pursuant to 28 U.S.C. § 636(b)(1)(A) to this court's order granting plaintiffs' motion to compel, or (4) in its current brief in opposition to plaintiffs' motion for attorney's fees.

Despite having had four opportunities to supply the necessary facts to show that work product doctrine applied to the individual reserve information requested by plaintiffs' discovery requests, Nationwide has never supplied the necessary facts. From this failure to assert the foundational facts, the court surmises that the facts do not favor Nationwide's assertion of work product doctrine. Under these unique circumstances, the court concludes Nationwide's resistance to the requested discovery of individual reserve information was not substantially justified. Yes, there is a split of authority on discoverability of this information. Yes, the court granted plaintiffs' motion to compel because of an insufficient factual showing by Nationwide that would have supported the work product doctrine. But, as Thoreau said, sometimes circumstantial evidence is very strong, as when you discover a trout in the milk.

Here, the sequence of events convinces this court that Nationwide's loss of the motion to compel was not for mere factual inadequacy. Rather, the court finds very strong circumstantial evidence that there were insufficient facts to support the application of the doctrine to the individual reserve information requested herein by plaintiffs. Were it otherwise, the court believes Nationwide would have asserted the predicate facts supporting application of the doctrine at some point in the sequence of events described above. Accordingly, as to the

5

individual reserve information, the court finds Nationwide's position was not substantially justified.

Regarding plaintiffs' motion to compel regarding the details of Nationwide's electronic document system, plaintiffs' position was that the information requested was required to be volunteered by Nationwide at the parties' discovery planning meeting. In the alternative, plaintiffs sought an increase in the total number of interrogatories it could propound to Nationwide so that plaintiffs could query Nationwide about its electronic document system. Nationwide did not contest plaintiffs' right to seek the information requested, but it maintained it had no obligation to volunteer such information as an initial disclosure under Rule 26(a)(1) and it sought to retain the 25-interrogatory limit on plaintiffs.

Rule 26 provides in pertinent part as follows:

**(f) Conference of the Parties; Planning for Discovery.**

\* \* \*

    ***(3) Discovery Plan.*** A discovery plan must state the parties' views and proposals on:

        \* \* \*

        (C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

See FED. R. CIV. P. 26(f)(3)(C).

This provision was added to Rule 26 in 2006. The Advisory Committee Notes for this amendment indicate that early discussion of electronic discovery "may avoid later difficulties or ease their resolution." See FED. R. CIV. P. 26,

advisory committee's note to 2006 amendment.  The committee did not specify specific topics that *must* be addressed at the parties' initial planning conference.  Id.  Rather, the committee suggested that the issues to be addressed will depend upon the nature and extent of the parties' contemplated discovery.  Id.  Various topics that might be fruitful for discussion include the time period for which discovery will be sought, the topics of discovery, whether the electronic information is reasonably accessible, the form in which electronically stored information might be produced, and preservation of electronically stored information.  Id.

It is clear that in an insurance bad faith case in 2018, much if not most discovery will be stored by the insurance company in an electronic format.  The purpose of the Federal Rules of Civil Procedure, including Rule 26(f), is to secure the just, speedy and inexpensive determination of every action and proceeding.  FED. R. CIV. P. 1.  Given Nationwide's concession that the information sought by plaintiffs is discoverable, the refusal to volunteer this information at the initial parties' planning meeting, particularly when plaintiffs' counsel alerted Nationwide to its desire to address this issue at that meeting, is clearly in derogation of the spirit and purpose of the Rules of Civil Procedure.  Nonetheless, the court agrees that the Rules do not specify that the information must be provided voluntarily as part of a party's initial disclosures.  Nationwide's resistance to providing the discovery without a formal discovery request cannot be characterized as a violation of any specific provision of the Rules of Civil Procedure.  Nevertheless, the court cannot conclude Nationwide's

7

position was substantially justified, especially given Nationwide's concession as to the discoverability of the information and plaintiffs' prior alert that they were asking for the information. That plaintiffs were also seeking other information is beside the point. The issue before the court is whether Nationwide's refusal to provide the information about the electronic document system was substantially justified. The court decides that particular issue in plaintiffs' favor.

## CONCLUSION

Based on the foregoing facts, law and analysis, the court concludes Nationwide's resistance to plaintiffs' discovery requests was not substantially justified. Accordingly, Rule 37 directs that this court "must" award attorney's fees and costs against Nationwide. Therefore, the court hereby

ORDERS that plaintiffs' motion for attorney's fees [Docket No. 32] is granted. Nationwide shall pay to plaintiffs the sum of $3,775.43 within 30 days of the date of this order.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED August 7, 2018.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY
United States Magistrate Judge